IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KARL PETERSON,<br><br>        Plaintiff,<br><br>   v.<br><br>BONNEVILLE JOINT SCHOOL DISTRICT NO. 93, et al,<br><br>        Defendants. | 4:CV-10-451-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it cross motions for summary judgment. The Court heard oral argument on May 25, 2011, and took the motions under advisement. For the reasons explained below, the Court will grant the defendants' motion and deny the plaintiff's motion.

## BACKGROUND

On September 11, 2008, Plaintiff Karl Peterson signed a teaching contract with Bonneville Joint School District #93 ("District 93") in Idaho Falls. This contract covered the 2008-2009 school year and was labeled "Category 1 Teaching Contract." *Joint Stip. Facts*, Dkt. 14-3 at ¶ 5-6. Peterson was a tenured teacher on a renewable teaching

**Memorandum Decision and Order - page 1**

contract with Idaho Falls School District #91 ("District 91") previously in his career. Prior to 2008, Peterson left his teaching position with District 91, and did not teach again until being hired by District 93. *Id.* at ¶¶ 3-4.

On May 15, 2009, Peterson signed a teaching contract with District 93 for the 2009-2010 school year. This contract was labeled "Category 2 Teaching Contract." *Id.* at ¶ 9. On April 23, 2010, Peterson received a letter from District 93 informing him that it would not recommend that the school board extend him a teaching contract offer for the 2010-2011 school year. *Id.* at ¶ 11. Peterson, represented by counsel, objected to the recommendation and requested an evidentiary hearing at a school board meeting on May 18, 2010. *Id.* at ¶ 12. No action was taken until a subsequent school board meeting on May 24, 2010. Peterson, represented by counsel, again objected to the recommendation and requested an evidentiary hearing. The school board declined to offer Peterson a teaching contract offer for the 2010-2011 school year. *Id.* at ¶ 15-18.

Peterson filed the complaint in this matter on September 3, 2010. Named defendants consist of District 93, the District 93 school board, and the board's individual members (Craig Lords, Annette Winchester, Wendy Horman, Devere Hunt, Randy Haws, and Kip Nelson). The complaint asserts claims of (1) deprivation of due process under 42 U.S.C. § 1983, (2) deprivation of due process under the Idaho Constitution, and (3)

**Memorandum Decision and Order - page 2**

breach of contract.  *See Complaint*, *Dkt. 1*.  Defendant Haws was subsequently dismissed.  *See Order, Dkt. 10.*  Both parties filed motions for summary judgment.  *See Motions, Dkts. 14 & 16.*

## LEGAL STANDARD

Summary judgment is appropriate only when there "is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 243 (1986).  The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  The non-movant must, however, do more than show that there is some abstract doubt as to the material facts.  It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment.  *Anderson*, 477 U.S. at 248.

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must demonstrate that (1) the action complained of occurred under color of state law, and (2) the action resulted in a deprivation of a constitutional right or a federal statutory right. *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000).

## ANALYSIS

The essence of this dispute is whether Peterson should have been offered a Category 3 or renewable contract for his first two years of employment with District 93, because he possessed the requisite experience from the years he taught in District 91. Peterson undisputedly signed, and worked under, Category 1 and Category 2 contracts during the two years he was employed by District 93. Category 3 and renewable contracts carry heightened termination protection, requiring a statement of reasons for termination and, upon request, informal review of a termination decision.

Both parties have moved for summary judgment. Defendants (hereinafter referred to as "Bonneville") argue that Peterson's signed contracts accurately reflected his status as first a Category 1 and then a Category 2 teacher, and that District 93 adhered to the termination procedures required under such contracts. Peterson responds that his signed contracts erroneously categorized him, and that he was owed a Category 3 or renewable contract, and is entitled to the termination protection and procedures applicable thereto.

**Memorandum Decision and Order - page 4**

Resolution of one summary judgment motion will necessarily resolve the other.

**<u>Statutory Interpretation</u>**

Idaho law recognizes three categories of annual, non-renewable contracts available to local school districts under which they may employ certified teachers:

> (a) A category 1 contract is a limited one-year contract [for teachers hired subsequent to August 1 in a given school year] . . .
>
> (b) A category 2 contract is for certificated personnel in the first and second years of continuous employment with the same school district. . . .
>
> (c) A category 3 contract is for certificated personnel during the third year of continuous employment by the same school district. . . .

Idaho Code § 33-514(2).[1] No property rights attach to Category 1 and 2 contracts; limited property rights attach to Category 3 contracts. *Id.* Section 33-515 governs renewable contracts, which may be offered to teachers during their third full year of continuous employment with the same school district.

Additionally, in subsection (3), the statute states as follows:

> School districts hiring an employee who has been on renewable contract status with another Idaho district or has out-of-state experience which would otherwise qualify the certificated employee for renewable contract status in Idaho, shall have the option to immediately grant renewable contract status, or to place the employee on a category 3 annual contract. Such employment on a category 3 contract under the

---

[1] The text quoted here is from the 2009 statute, effective at the time of the dispute and filing of the complaint. Revised statutes went into effect January 2, 2011.

**Memorandum Decision and Order - page 5**

provisions of this subsection may be for one (1), two (2) or three (3) years.

Idaho Code § 33-514(3). Both parties argue that § 33-514 is clear and unambiguous. Peterson argues that the language in § 33-514(3), providing that the school district "shall have the option to immediately grant renewable contract status, or to place the employee on a category 3 annual contract," mandates that a school district offering a contract to a teacher who has been on renewable contract status with another Idaho district may *only* offer such teacher a renewable contract or a Category 3 contract. Subsection (3) means, according to Peterson, that a school district is not permitted to offer a newly hired teacher who has previously been on renewable contract status with another Idaho district a Category 1 or 2 contract under § 33-514(2).

Bonneville counters that § 33-514(3) provides a supplemental option to those provided in § 33-514(2). Under this interpretation, a school district may offer a Category 1 or 2 contract to any new hire, but they may also offer, at their discretion, a Category 3 contract to a new hire, provided the new hire was on renewable contract status with another Idaho district or possessed equivalent out-of-state experience.

A federal court should interpret state law by using the same method and approach that the state's highest court would use. *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 930 (9th Cir. 2004). Interpretation must begin with the literal words of the

**Memorandum Decision and Order - page 6**

statute. *Thomson v. City of Lewiston*, 50 P.3d 488, 493 (Id.Sup.Ct. 2002). The words must be given their plain, usual, and ordinary meaning, and the statute must be construed as a whole. *State v. Hart*, 25 P.3d 850, 852 (Id.Sup.Ct. 2001). If the statute is not ambiguous, a court does not construe it, but simply follows the law as written. *Hansen v. State Farm Mut. Auto. Ins. Co.*, 735 P.2d 974, 981 (Id.Sup.Ct. 1987). A statute is ambiguous where the language is capable of more than one reasonable construction. *Jen-Rath Co., Inc. v. Kit Mfg. Co.*, 48 P.3d 659, 664 (Id.Sup.Ct. 2002). "Ambiguity is not established merely because differing interpretations are presented to a court; otherwise, all statutes subject to litigation would be considered ambiguous." *Hamilton ex rel. Hamilton v. Reeder Flying Service*, 21 P.3d 890, 894 (Id.Sup.Ct. 2001). An ambiguous statute must be construed to mean what the legislature intended for it to mean. *Miller v. State*, 715 P.3d 968, 969 (Id.Sup.Ct. 1986). To determine that intent, we examine not only the literal words of the statute, but also the reasonableness of proposed constructions, the public policy behind the statute, and its legislative history. *Lopez v. State, Indus. Special Indem. Fund*, 30 P.3d 952, 956 (Id.Sup.Ct. 2001). A statute must be construed as a whole to give effect to the legislative intent. *George W. Watkins Family v. Messenger*, 797 P.2d 1385, 1387-88 (Id.Sup.Ct. 1990).

Section 33-514(3) is ambiguous, but Bonneville's reading comports most closely

with the intentions of the Idaho legislature. The three categories of non-renewable teacher contracts set forth in § 33-514(2) are premised on a teacher's service time *within a particular school district*. Section 33-514(2) contains no distinction for teachers with experience out of state or with other Idaho school districts. This is the general hiring framework school districts are obligated to follow. Section 33-514(3) is an exception that complements this general framework, not a mandate necessitating a differing result based on a teacher's past experience. The words "shall have the option" in the beginning of § 33-514(3) are best read to mean that a choice differing from the general framework is available; namely, a discretionary grant of Category 3 or renewable status to experienced teachers. Section 33-514(3) does not state that districts *must* offer a heightened Category 3 or renewable contract to a new hire who has experience, but only that they have the option to do so.

Peterson argues that § 33-514(3) is not another option supplementing the Category 2 contracts available to first and second year teachers under § 33-514(2), but rather represents the sole option available to a school district hiring an experienced teacher, because of the use of the disjunctive "or." A school district "shall have the option to immediately grant renewable contract status, **or** to place the employee on a category 3 annual contract" (emphasis added). Peterson reads the use of "or" to mean that a school

**Memorandum Decision and Order - page 8**

district must choose to offer an experienced teacher either a renewable contract or a Category 3 contract; because no other phrases or conditional statements follow, the options must be limited to those two explicitly stated. This reading ignores the statute's use of the phrase "shall have the option" in conjunction with the general framework. Section 33-514(2) mandates a Category 2 contract for teachers in their first two years with a district, regardless of past experience. Peterson's reading would render § 33-514(2) inapplicable to teachers with experience in other districts, but the language contains no such limitation, thus creating a conflict between § 33-514(2)(b) and § 33-514(3). That conflict disappears when § 33-514(3) is read to mean a school district has the option, but is not required, to offer an experienced teacher a contract above and beyond that permitted by the general framework established by § 33-514(2).

Thus, construing the statute as a whole, Bonneville was not required to offer Peterson a Category 3 contract.

## Conclusion

The Court finds, as a matter of law, that Idaho Code § 3-514, correctly interpreted, authorized Bonneville to offer Peterson Category 1 and Category 2 teaching contracts. Consequently, the Court will grant Bonneville's motion for summary judgment and deny Peterson's motion for summary judgment. The Court will issue a separate Judgment as

**Memorandum Decision and Order - page 9**

required by Rule 58(a).



DATED:  **June 2, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge